# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 4. Motion and Affidavit for Permission to Proceed in Forma Pauperis

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form04instructions.pdf

**9th Cir. Case Number(s)** | 23-15080

**Case Name** | COLVIN VS. TAKO LLC

**Affidavit in support of motion:** I swear under penalty of perjury that I am financially unable to pay the docket and filing fees for my appeal. I believe my appeal has merit. I swear under penalty of perjury under United States laws that my answers on this form are true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

**Signature** | [signature] **Date** | 3/11/2023

The court may grant a motion to proceed in forma pauperis if you show that you cannot pay the filing fees **and** you have a non-frivolous legal issue on appeal. Please state your issues on appeal. (*attach additional pages if necessary*)

> COLVIN, believes judge Silva abused her discreation and denied the plaintiff due process by denying him the opportunity to respond to her court order. Judge Silva had issued an oder for plaintiff Colvin to show cause why he should not be declared a vexatious litigant. Colvin response was due 12/09/2022 but before response became due Judge Silva closed Colvin case on 12/05/2022 Please see Exhibits #1-2.
>
> When Judge Silva ordered Colvin case closed at the time she did not issue an order declaring Colvin a vexatious litigant. All Colvin knew was that his case was closed Colvin only became aware that Judge Silva had declared Colvin a vexatious litigant was in a unrelated case from Judge Gordon mentioning it in his order is how Colvin even became aware of Judge Silva order.
>
> It was some 2-3 weeks later that Colvin recieved Judge Silva order Colvin believe his due procees rights were violated because once Judge Silva dimissed his case he had know knowledge that Judge Silva had issued said order. Colvin also contends this is an act of abuse of discretion. Colvin believe his arguments have merit and he should be allowed to proceed in forma pauperis.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 4**     1     *Rev. 12/01/2018*

1. *For both you and your spouse, estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

| | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| **Income Source** | You | Spouse | You | Spouse |
| Employment | $ 0 | $ | $ 0 | $ |
| Self-Employment | $ 0 | $ | $ 0 | $ |
| Income from real property (such as rental income) | $ 0 | $ | $ 0 | $ |
| Interest and Dividends | $ 0 | $ | $ 0 | $ |
| Gifts | $ 0 | $ | $ 0 | $ |
| Alimony | $ 0 | $ | $ 0 | $ |
| Child Support | $ 0 | $ | $ 0 | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0 | $ | $ 0 | $ |
| Disability (such as social security, insurance payments) | $ 0 | $ | $ 0 | $ |
| Unemployment Payments | $ 0 | $ | $ 0 | $ |
| Public-Assistance (such as welfare) | $ 0 | $ | $ 0 | $ |
| Other (specify) family | $ 1400.00 | $ | $ 1400.00 | $ |
| **TOTAL MONTHLY INCOME:** | $ 1400.00 | $ | $ 1400.00 | $ |

*Feedback or questions about this form? Email us at forms.ca9.uscourts.gov*

Form 4      2      Rev. 12/01/2018

2. *List your employment history for the past two years, most recent employer first.*
   *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| NONE | | From: <br> To: | $ |
| | | From: <br> To: | $ |
| | | From: <br> To: | $ |
| | | From: <br> To: | $ |

3. *List your spouse's employment history for the past two years, most recent employer first.*
   *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| NONE | | From: <br> To: | $ |
| | | From: <br> To: | $ |
| | | From: <br> To: | $ |
| | | From: <br> To: | $ |

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 4**     3     *Rev. 12/01/2018*

4. *How much cash do you and your spouse have?*  $ 150.00

*Below, state any money you or your spouse have in bank accounts or in any other financial institution.*

| Financial Institution | Type of Account | Amount You Have | Amount Your Spouse Has |
|---|---|---|---|
| NONE | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

***If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.***

5. *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishing.*

| Home | Value | Other Real Estate | Value |
|---|---|---|---|
| NONE | $ | | $ |

| Motor Vehicle 1: Make & Year | Model | Registration # | Value |
|---|---|---|---|
| NONE | | | $ |

| Motor Vehicle 2: Make & Year | Model | Registration # | Value |
|---|---|---|---|
| NONE | | | $ |

*Feedback or questions about this form? Email us at forms_ca9.uscourts.gov*

Form 4   4   Rev. 12/01/2018

| Other Assets | | Value |
|---|---|---|
| NONE | $ | |
| | $ | |
| | $ | |

6. *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| Person owing you or your spouse | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| NONE | $ | $ |
| | $ | $ |
| | $ | $ |

7. *State the persons who rely on you or your spouse for support. If a dependent is a minor, list only the initials and not the full name.*

| Name | Relationship | Age |
|---|---|---|
| EC | SON | 10 |
| MC | DAUGHTER | 5 |
| PC | SON | 16 |

*Feedback or questions about this form? Email us at formsao9.uscourts.gov*

Form 4     5     Rev. 12/01/2018

8. *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

|  | You | Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) <br> - Are real estate taxes included?   ◯ Yes   ◯ No <br> - Is property insurance included?   ◯ Yes   ◯ No | $ 1800.00 | $ |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 300.00 | $ |
| Home maintenance (repairs and upkeep) | $ 150.00 | $ |
| Food | $ 300.00 | $ |
| Clothing | $ 300.00 | $ |
| Laundry and dry-cleaning | $ 100.00 | $ |
| Medical and dental expenses | $ 0 | $ |
| Transportation (not including motor vehicle payments) | $ 100.00 | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ 70.00 | $ |
| Insurance (not deducted from wages or included in mortgage payments) | | |
| - Homeowner's or renter's | $ 0 | $ |
| - Life | $ 0 | $ |
| - Health | $ 0 | $ |
| - Motor Vehicle | $ 0 | $ |
| - Other | $ | $ |
| Taxes (not deducted from wages or included in mortgage payments) | | |
| Specify | $ | $ |

*Feedback or questions about this form? Email us at forms_a_ca9.uscourts.gov*

**Form 4**          6          *Rev. 12/01/2018*

|  | You | Spouse |
|---|---|---|
| Installment payments |  |  |
| - Motor Vehicle | $ 0 | $ |
| - Credit Card (name) NONE | $ | $ |
| - Department Store (name) NONE | $ | $ |
| Alimony, maintenance, and support paid to others | $ | $ |
| Regular expenses for the operation of business, profession, or farm (attach detailed statement) | $ | $ |
| Other (specify) NONE | $ | $ |
| **TOTAL MONTHLY EXPENSES** | $ 0 | $ |

9. *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*  ⃝ Yes  ⦿ No

   If Yes, describe on an attached sheet.

10. *Have you spent—or will you be spending—any money for expenses or attorney fees in connection with this lawsuit?*  ⦿ Yes  ⃝ No

    If Yes, how much? $ 200.00

11. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

12. *State the city and state of your legal residence.*

City LAS VEGAS    State NEVADA

Your daytime phone number (ex., 415-355-8000) (725) 800-6093

Your age 53    Your years of schooling 11

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov.*

Form 4    7    Rev. 12/01/2018

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
MAR 29 2023
FILED
DOCKETED
DATE
INITIAL

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Parnell Colvin,

    Plaintiff

v.

Tako, LLC,

    Defendant

Case No. 2:22-cv-01928-CDS-NJK

Order Granting Motion to Remand, Denying Motion for Removal, and Closing Case

[ECF Nos. 2, 4]

    Pro se plaintiff Parnell Colvin seeks, for the fourth time, to remove to this court the same eviction action brought against him by defendant Tako, LLC in the Las Vegas Justice Court. Removal Mot., ECF No. 2. Colvin alleges that this court has federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1441(b). *Id.* He also alleges that this court has supplemental jurisdiction under 28 U.S.C. § 1367. *Id.* Tako filed an emergency motion to remand to state court. Remand Mot., ECF No. 4. Tako contends that this court lacks jurisdiction because there is no diversity of citizenship, as Colvin and the members of Tako are all residents of Clark County, Nevada. *Id.* at 3. And it alleges that there is no federal question, as this is a simple summary-eviction matter. *Id.* at 3. In his response, Colvin argues that Tako "illegally created a false fake lease contract, stole[] Ms. Brown['s] identity which is identity theft, then forged her personal information on a[n] illegal[ly] created contract and signed her name." Resp., ECF No. 8 at 4. For the reasons set forth herein, I hereby deny Colvin's motion for removal and grant Tako's motion to remand to state court.

I. Discussion

As a threshold matter, this court has no jurisdiction over this action. There is no federal-question jurisdiction over the underlying litigation. United States District Courts have original federal-question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, an action "arises under" federal law only if the federal question appears on the face of the complaint. Here, Colvin alleges that federal-question jurisdiction exists based on Tako's violation of criminal statutes 18 U.S.C. §§ 1028 and 1343. Compl., ECF No. 1 at 2; *see also* ECF No. 8 at 4–5. Yet for Colvin to "allege a claim under a federal statute, the statute must provide for a private right of action." *Riley v. Quality Loan Serv. Corp.*, 2019 WL 157838, at *2 (S.D. Cal. Jan. 10, 2019) (see *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979)). For a private right of action to exist, the legislature must expressly state in a statute that private persons have the right to sue if someone violates the law. The Ninth Circuit has held that the criminal wire-fraud statute, 18 U.S.C. § 1343, "does not evince an intent by Congress to create a private right of action." *Id*; *see also Chen v. T.T. Group*, 2014 WL 12613519 (C.D. Cal. May 29, 2014) ("18 U.S.C. §§ 1341 and 1343 are criminal wire fraud statutes. They do not create civil causes of action, nor do they give this [c]ourt permission to hear state contract claims"). The same is said for the violation of criminal statute 18 U.S.C. § 1028. *Murphy v. JP Morgan Chase*, 2015 WL 2235882, at *4 (E.D. Cal. May 11, 2015); *see also Lassetter v. Brand*, 2011 WL 4712188, *2 (W.D. Wash. Oct.4, 2011) (holding that 18 U.S.C. § 1028 provides no private right of action and cannot form basis for civil suit).

Nor does this court have diversity jurisdiction over the underlying litigation. A federal court's diversity jurisdiction extends "to all civil actions where the matter in controversy exceeds ... $75,000 ... and is between ... [c]itizens of different [s]tates." 28 U.S.C. § 1332(a)(1). This action involves Colvin—a Nevada resident who lives in the property at the heart of this dispute—and Tako, a Nevada limited liability company. For purposes of diversity jurisdiction, a limited liability company (LLC) has the citizenship of the state in which its members are

citizens. 28 U.S.C. § 1332(a)(1); *see also Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006). The members of Tako are residents of Clark County, Nevada. ECF No. 4 at 3. Accordingly, complete diversity does not exist because Colvin and Tako are both Nevada residents.

District courts have discretion to decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of [s]tate law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). In evaluating these exceptions, I find that all weigh in favor of declining to exercise supplemental jurisdiction. Colvin's alleged claims do not raise a novel or complex issue of [s]tate law, and as demonstrated *supra*, this court has no original jurisdiction over his allegations of violations of federal statutes. In addition, courts may decline to exercise supplemental jurisdiction "in the interests of judicial economy, convenience, fairness, and comity." *Rutherford v. Ara Lebanese Grill*, 2019 WL 1057919, at *3 (S.D. Cal. Mar. 6, 2019) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)). Thus, I find Colvin's pattern of using the federal court system as a loophole to delay the ongoing eviction proceedings brought against him by Tako in the Las Vegas Justice Court as a compelling reason to decline supplemental jurisdiction.

Finally, this court does not have removal jurisdiction. A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed. 28 U.S.C. § 1441(a). On a motion to remand, the removing defendant must overcome the "strong presumption against removal jurisdiction" and establish that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court. *Gaus*, 980 F.2d at 566. Here, Colvin moved to remove the state-court proceeding to this court.

Not only is removal in this action not proper because this court does not have original jurisdiction over the case, but also, only defendants—not plaintiffs—may remove civil actions from state to federal court. 28 U.S.C. § 1446 ("A defendant... desiring to remove any civil action from a [s]tate court shall file in the district court of the United States for the district and division within such action is pending...")(emphasis added). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Consequently, given the "strong presumption" against removal jurisdiction, I find that Colvin has not met his burden of establishing that removal is proper in this action. *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Because "the court resolves all ambiguity in favor of remand to state court," *Gaus*, 980 F.2d at 566, (9th Cir.1992), I grant Tako's motion to remand to state court.

### III. Conclusion

IT IS THEREFORE ORDERED that plaintiff's **motion for removal [ECF No. 2]** is DENIED.

IT IS FURTHER ORDERED that defendant's **motion to remand [ECF No. 4]** is GRANTED.

IT IS FURTHER ORDERED that this case is remanded back to the Las Vegas Justice Court, Clark County, Nevada, for lack of subject-matter jurisdiction.

The Clerk of Court is directed to CLOSE THIS CASE.

DATED: December 5, 2022

_____
Cristina D. Silva
United States District Judge

Activity in Case 2:22-cv-01928-CDS-NJK Colvin v. Tako, LLC Order to Show Cause

From: cmecf@nvd.uscourts.gov

To: cmecfhelpdesk@nvd.uscourts.gov

Date: Monday, November 28, 2022 at 01:08 PM PST

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

United States District Court

District of Nevada

## Notice of Electronic Filing

The following transaction was entered on 11/28/2022 at 1:07 PM PST and filed on 11/28/2022
**Case Name:** Colvin v. Tako, LLC
**Case Number:** 2:22-cv-01928-CDS-NJK
**Filer:**
**Document Number:** 10

Docket Text:
**ORDER TO SHOW CAUSE Why Plaintiff Should Not Be Declared a Vexatious Litigant. Show Cause Response due by 12/9/2022. Signed by Judge Cristina D. Silva on 11/28/2022. (Copies have been distributed pursuant to the NEF - HAM)**

**2:22-cv-01928-CDS-NJK Notice has been electronically mailed to:**

P. Sterling Kerr    sterling@kerrsimpsonlaw.com, george@sterlingkerrlaw.com, jennifer@sterlingkerrlaw.com, lisa@sterlingkerrlaw.com, maury@sterlingkerrlaw.com, taylor@sterlingkerrlaw.com

Taylor Simpson    taylor@kerrsimpsonlaw.com, anika@kerrsimpsonlaw.com, breana@kerrsimpsonlaw.com, jennifer@kerrsimpsonlaw.com, lisa@kerrsimpsonlaw.com, suzanne@kerrsimpsonlaw.com

Parnell Colvin    pc681@yahoo.com

**2:22-cv-01928-CDS-NJK Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=11/28/2022] [FileNumber=10924871
-0] [a83983e96297183cef499fb176b468da4deb0586acf686bae158c059deeeff858
36787e2f880f5ddd824fe10afb35a542baecd25d59c2af3b612ff12ef301f54]]