RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUN 0 2 2023

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

FILED_____
DOCKETED_____
DATE          INITIAL

_____PARNELL COLVIN_____

Appellant(s),

vs.

_____TAKO LLC_____

Appellee(s).

9th Cir. Case No. ___23-15080___

District Court or
BAP Case No. ___2:22-CV-01928___

## APPELLANT'S INFORMAL OPENING BRIEF

*(attach additional sheets as necessary, up to a total of 50 pages including this form)*

**JURISDICTION.** This information helps the court determine if it can review your case.

1.  Timeliness of Appeal:

    a.  What is the date of the judgment or order that you want this court to review? _____12/5/22_____

    b.  Did you file any motion, other than for fees and costs, after the judgment was entered? Answer yes or no: _____NO_____

        • If you did, on what date did you file the motion? _____

        • For prisoners or detainees, what date did you give the motion to prison authorities for mailing? _____

        • What date did the district court or bankruptcy appellate panel (BAP) decide the motion that you filed after judgment? ___12/5/20222___

    c.  What date did you file your notice of appeal? ___12/23/2023___

        • For prisoners or detainees, what date did you give your notice of appeal to prison authorities for mailing? _____

9th Cir. Case No. _____23-15080_____                    Page 2

**FACTS.** Include all facts that the court needs to know to decide your case.

2.    What are the facts of your case?

Colvin was denied his due process rights to respond to the District Court Order to show cause why Colvin should not be declared a vexatious litigant. Show cause response was due by 12/9/2022.

Colvin was not given due process and time to respond to the District Court Order on 12/5/2022 the district court dismissed Colvin case. At this point Colvin believed the court would not enter an order declaring him a vexatious litigant due to the court dismissing his case without given Colvin a chance to file his response which Colvin still had time to respond.

Colvin never recieved the courts order declaring him a vexatious litigant  Colvin only found out about the order because Colvin had a pending case pending with Judge Gordon. When Judge Gordon dismissed Colvin case involving Tako LLC, Judge Gordon mention in his ruling that Judge Silva , had ruled Colvin to be a vexatious litigant.

Colvin believes the denied him due process of the law this is a very serious ruling and dismissing Colvin case and denying him opportunity to respond is a miscarriage of justice and then rule to declare Colvin as a vexatious litigant is a abuse of discretion . Colvin did not receive Judge Silva order until 2-3 weeks after Judge Gordon mentioned it in his order.

Judge Silva in the proceedings to Colvin did everything she could to make sure Tako LLC prevailed. Dismissing and denying most of Colvin positions to state and argue his case. It was talk that District Court Judge for the District of Nevada Clark County who name is Gloria Gall were friends. In fact the seat that was that Judge Gall seats in now was the prior seat of Judge Silva before she was appointed to the federal bench.

state Judge Gail mentioned this during a hearing Colvin had before Judge Gail and made comments during the hearing that was Judge Silva gets the case she would immediately remand back to state court. This showed Colvin that he would not only get a fair in state court court but the two judges appear to be friends which Colvin believes was a conflict of interests.

Colvin has a pending personal injury case against Appellee Tako LLC in state court.

9th Cir. Case No. _____23-15080_____                    Page 3

**PROCEEDINGS BEFORE THE DISTRICT COURT OR THE BAP.** In this section, we ask you about what happened before you filed your notice of appeal with this court.

3.   What did you ask the district court or the BAP to do—for example, did you ask the court to award money damages, issue an injunction, or provide some other type of relief?

Colvin asked the court for an injunction and any and all relief the court deemed appropriate the court denied all requests.

4.   What legal claim or claims did you raise in the district court or at the BAP?

Colvin was denied his due process rights as the court dismissed his case remanded back to state court and declared Colvin a vexatious litigant. Colvin was denied the opportunity to to respond when his due date to respond had not expired . This was a violation of Colvin due process rights.

5.   **Exhaustion of Administrative Remedies.** For prisoners, did you use up all administrative remedies for each claim before you filed your complaint in the district court? If you did not, please tell us why.

N/A

9th Cir. Case No. _____23-15080_____

Page 4

**PROCEEDINGS BEFORE THE COURT OF APPEALS.** In this section, we ask you about issues related to this case before the court of appeals and any previous cases you have had in this court.

6.   What issues are you asking the court to review in this case? What do you think the district court or the BAP did wrong?

Colvin believes this is a case of abuse of discretion and power. The district must give litigants the opportunity to respond to court orders before making rulings. Especially if litigants like Colvin still had time to respond. Not only did the court dismiss Colvin case but weeks later issued an order declaring Colvin a vexatious litigant. Colvin had a right to respond and to be heard Colvin due process rights were violated by Judge Silva

7.   Did you present all issues listed in Question 6 to the district court or the BAP? Answer yes or no: _____NO_____

If not, why not?

Colvin was not given the opportunity to respond to the court order as Judge Silva had dismissed Colvin case before he could respond and declared Colvin a vexatious litigant even though Colvin had 4 more days to respond to the court order.

9th Cir. Case No. _____23-15080_____                    Page 5

8.  What law supports these issues on appeal? (You may refer to cases and statutes, but you are not required to do so.)

All litigants have a constitutional right to due process Colvin rights were violated by Judge Silva. By not given him the time to respond and it was Judge Silva, that set the court date for Colvin to respond. Taking this date away was taking Colvin rights to respond and due process rights was also taken away. Colvin has submitted the court order granting motion to remand case back to state court. In Judge Silva order no mentioning of Colvin being declared an vexatious litigant this why the later order was a complete surprise and a violation of Colvin due process rights. Please see court orders.

9.  **Other Pending Cases.** Do you have any other cases pending in the court of appeals? If so, give the name and docket number of each case.

No other cases pending with this court.

9th Cir. Case No. _____23-15080  2_____                                    Page 6

10. **<u>Previous Cases.</u>** Have you filed any previous cases that the court of appeals has decided? If so, give the name and docket number of each case.

No previous cases before this court.

PARNELL  COLVIN
_____          _____
Name                                 Signature

_____
2201 AUTUMN LULL DR
_____
LAS VEGAS, NV 89146                  MAY 29 2023
_____          _____
Address                              Date

Activity in Case 2:22-cv-01928-CDS-NJK Colvin v. Tako, LLC Order to Show Cause

From:  cmecf@nvd.uscourts.gov

To:  cmecfhelpdesk@nvd.uscourts.gov

Date:  Monday, November 28, 2022 at 01:08 PM PST

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**United States District Court**

**District of Nevada**

## Notice of Electronic Filing

The following transaction was entered on 11/28/2022 at 1:07 PM PST and filed on 11/28/2022

**Case Name:**          Colvin v. Tako, LLC
**Case Number:**      2:22-cv-01928-CDS-NJK
**Filer:**
**Document Number:** 10

**Docket Text:**
**ORDER TO SHOW CAUSE Why Plaintiff Should Not Be Declared a Vexatious Litigant. Show Cause Response due by 12/9/2022. Signed by Judge Cristina D. Silva on 11/28/2022. (Copies have been distributed pursuant to the NEF - HAM)**

**2:22-cv-01928-CDS-NJK Notice has been electronically mailed to:**

P. Sterling Kerr      sterling@kerrsimpsonlaw.com, george@sterlingkerrlaw.com, jennifer@sterlingkerrlaw.com, lisa@sterlingkerrlaw.com, maury@sterlingkerrlaw.com, taylor@sterlingkerrlaw.com

Taylor Simpson      taylor@kerrsimpsonlaw.com, anika@kerrsimpsonlaw.com, breana@kerrsimpsonlaw.com, jennifer@kerrsimpsonlaw.com, lisa@kerrsimpsonlaw.com, suzanne@kerrsimpsonlaw.com

Parnell Colvin      pc681@yahoo.com

**2:22-cv-01928-CDS-NJK Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=11/28/2022] [FileNumber=10924871
-0] [a83983e96297183cef499fb176b468da4deb0586acf686bae158c059deeeff858
36787e2f880f5ddd824fe10afb35a542baecd25d59c2af3b612ff12ef301f54]]

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Parnell Colvin,

                              Plaintiff

v.

Tako, LLC,

                              Defendant

Case No. 2:22-cv-01928-CDS-NJK

Order Granting Motion to Remand,
Denying Motion for Removal, and
Closing Case

[ECF Nos. 2, 4]

    Pro se plaintiff Parnell Colvin seeks, for the fourth time, to remove to this court the same eviction action brought against him by defendant Tako, LLC in the Las Vegas Justice Court. Removal Mot., ECF No. 2. Colvin alleges that this court has federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1441(b). *Id.* He also alleges that this court has supplemental jurisdiction under 28 U.S.C. § 1367. *Id.* Tako filed an emergency motion to remand to state court. Remand Mot., ECF No. 4. Tako contends that this court lacks jurisdiction because there is no diversity of citizenship, as Colvin and the members of Tako are all residents of Clark County, Nevada. *Id.* at 3. And it alleges that there is no federal question, as this is a simple summary-eviction matter. *Id.* at 3. In his response, Colvin argues that Tako "illegally created a false fake lease contract, stole[] Ms. Brown['s] identity which is identity theft, then forged her personal information on a[n] illegal[ly] created contract and signed her name." Resp., ECF No. 8 at 4. For the reasons set forth herein, I hereby deny Colvin's motion for removal and grant Tako's motion to remand to state court.

I.    Discussion

As a threshold matter, this court has no jurisdiction over this action. There is no federal-question jurisdiction over the underlying litigation. United States District Courts have original federal-question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, an action "arises under" federal law only if the federal question appears on the face of the complaint. Here, Colvin alleges that federal-question jurisdiction exists based on Tako's violation of criminal statutes 18 U.S.C. §§ 1028 and 1343. Compl., ECF No. 1 at 2; *see also* ECF No. 8 at 4–5. Yet for Colvin to "allege a claim under a federal statute, the statute must provide for a private right of action." *Riley v. Quality Loan Serv. Corp.*, 2019 WL 157838, at *2 (S.D. Cal. Jan. 10, 2019) (see *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979)). For a private right of action to exist, the legislature must expressly state in a statute that private persons have the right to sue if someone violates the law. The Ninth Circuit has held that the criminal wire-fraud statute, 18 U.S.C. § 1343, "does not evince an intent by Congress to create a private right of action." *Id*; *see also Chen v. T.T. Group*, 2014 WL 12613519 (C.D. Cal. May 29, 2014) ("18 U.S.C. §§ 1341 and 1343 are criminal wire fraud statutes. They do not create civil causes of action, nor do they give this [c]ourt permission to hear state contract claims"). The same is said for the violation of criminal statute 18 U.S.C. § 1028. *Murphy v. JP Morgan Chase*, 2015 WL 2235882, at *4 (E.D. Cal. May 11, 2015); *see also Lassetter v. Brand*, 2011 WL 4712188, *2 (W.D. Wash. Oct.4, 2011) (holding that 18 U.S.C. § 1028 provides no private right of action and cannot form basis for civil suit).

Nor does this court have diversity jurisdiction over the underlying litigation. A federal court's diversity jurisdiction extends "to all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of different [s]tates." 28 U.S.C. § 1332(a)(1). This action involves Colvin—a Nevada resident who lives in the property at the heart of this dispute—and Tako, a Nevada limited liability company. For purposes of diversity jurisdiction, a limited liability company (LLC) has the citizenship of the state in which its members are

2

1  citizens. 28 U.S.C. § 1332(a)(1); *see also Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th

2  Cir. 2006). The members of Tako are residents of Clark County, Nevada. ECF No. 4 at 3.

3  Accordingly, complete diversity does not exist because Colvin and Tako are both Nevada

4  residents.

5      District courts have discretion to decline to exercise supplemental jurisdiction if: "(1) the

6  claim raises a novel or complex issue of [s]tate law, (2) the claim substantially predominates

7  over the claim or claims over which the district court has original jurisdiction, (3) the district

8  court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional

9  circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

10  In evaluating these exceptions, I find that all weigh in favor of declining to exercise

11  supplemental jurisdiction. Colvin's alleged claims do not raise a novel or complex issue of [s]tate

12  law, and as demonstrated *supra*, this court has no original jurisdiction over his allegations of

13  violations of federal statutes. In addition, courts may decline to exercise supplemental

14  jurisdiction "in the interests of judicial economy, convenience, fairness, and comity." *Rutherford v.*

15  *Ara Lebanese Grill*, 2019 WL 1057919, at *3 (S.D. Cal. Mar. 6, 2019) (citing *Carnegie-Mellon Univ. v.*

16  *Cohill*, 484 U.S. 343, 357 (1988)). Thus, I find Colvin's pattern of using the federal court system as

17  a loophole to delay the ongoing eviction proceedings brought against him by Tako in the Las

18  Vegas Justice Court as a compelling reason to decline supplemental jurisdiction.

19      Finally, this court does not have removal jurisdiction. A defendant may remove a civil

20  action from state court to federal court if original jurisdiction would have existed in the federal

21  court at the time the complaint was filed. 28 U.S.C. § 1441(a). On a motion to remand, the

22  removing defendant must overcome the "strong presumption against removal jurisdiction" and

23  establish that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009)

24  (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Due to this strong presumption

25  against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court.

26  *Gaus*, 980 F.2d at 566. Here, Colvin moved to remove the state-court proceeding to this court.

1  Not only is removal in this action not proper because this court does not have original

2  jurisdiction over the case, but also, only defendants—not plaintiffs—may remove civil actions

3  from state to federal court. 28 U.S.C. § 1446 ("A defendant . . . desiring to remove any civil action

4  from a [s]tate court shall file in the district court of the United States for the district and

5  division within such action is pending . . .")(emphasis added). "The removal statute is strictly

6  construed, and any doubt about the right of removal requires resolution in favor of remand."

7  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

8      Consequently, given the "strong presumption" against removal jurisdiction, I find that

9  Colvin has not met his burden of establishing that removal is proper in this action. *Nishimoto v.*

10 *Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846

11 F.2d 1190, 1195 (9th Cir. 1988). Because "the court resolves all ambiguity in favor of remand to

12 state court," *Gaus*, 980 F.2d at 566, (9th Cir.1992), I grant Tako's motion to remand to state

13 court.

14 **III.    Conclusion**

15      IT IS THEREFORE ORDERED that plaintiff's motion for removal [ECF No. 2] is

16 DENIED.

17      IT IS FURTHER ORDERED that defendant's motion to remand [ECF No. 4] is

18 GRANTED.

19      IT IS FURTHER ORDERED that this case is remanded back to the Las Vegas Justice

20 Court, Clark County, Nevada, for lack of subject-matter jurisdiction.

21      The Clerk of Court is directed to CLOSE THIS CASE.

22      DATED: December 5, 2022

23

24

25      Cristina D. Silva
        United States District Judge

26

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUN 02 2023

FILED
DOCKETED

DATE

INITIAL

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 25. Certificate of Service for Paper Filing

**ATTENTION ELECTRONIC FILERS: DO NOT USE FORM 25**
Use Form 25 only if you are **not** registered for Appellate Electronic Filing.

**Instructions**
- You must attach a certificate of service to each document you send to the court and to opposing counsel.
- Include the title of the document you are serving, the name and address of each person you served with a copy of the document, and the date of mailing or hand delivery.
- Sign and date the certificate. You do not need to have the certificate notarized.
- Remember that you must send a copy of **all** documents and attachments to counsel for **each** party to this case.

**9th Cir. Case Number(s)** | 23-15080

**Case Name** | PARNELL COLVIN  V.  TAKO  LLC

I certify that I served on the person(s) listed below, either by mail or hand delivery, a copy of the | MAY  29,  2023
and any attachments. | *(title of document you are filing, such as Opening Brief, Motion for __, etc.)*

**Signature** | PARNELL  COLVIN  *Parnell PC* | **Date** | MAY 29, 2023

| Name | Address | Date Served |
|------|---------|-------------|
| TAKO LLC | 2411 taragato ave HENDERSON, NV 89052 | MAY 29, 2023 |
|  |  |  |
|  |  |  |
|  |  |  |

*Mail this form to the court at:*
Clerk, U.S. Court of Appeals for the Ninth Circuit, P.O. Box 193939, San Francisco, CA 94119-3939

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 25** | *Rev. 12/01/2018*